UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALICE F. JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-00444-RLY-TAB |
| | ) |
| CAROLYN W. COLVIN Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

The parties appeared by counsel February 24, 2014, for an oral argument on Plaintiff's appeal of her denial of disability benefits. Set forth below is the Magistrate Judge's recommended decision issued from the bench following that argument. This ruling recommends that the ALJ's determination be reversed and that this case be remanded for further proceedings. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: Okay. With the benefit of the oral argument and the briefing, I will now render my recommended decision in this case.

There are four issues presented for review. The first is whether substantial evidence supports the ALJ's finding that Jordan was not impaired due to chronic back, leg and left shoulder pain. Second is whether the ALJ erred in failing to provide a medical advisor to testify on whether Jordan's combined impairments medically equaled Listing 1.04. The third is whether

the ALJ erred in her credibility determination. And the fourth is whether substantial evidence supports the ALJ's determination that Jordan could perform past relevant work.

By way of background, Jordan alleges disability beginning on February 20th, 2009. On October 28th, 2011, an ALJ found her not to be disabled, and the Appeals Council affirmed that decision. This Court must uphold the ALJ's decision if substantial evidence supports her findings. *Terry versus Astrue*, 580 F.3d 471 at 475, Seventh Circuit, 2009. If the evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. That's the *Terry* case again at 580 F.3d at 475.

The ALJ, however, need not mention every piece of evidence so long as she builds a logical bridge from the evidence to her conclusion. *Pepper versus Colvin*, 712 F.3d 351 at 362, Seventh Circuit, 2013.

Jordan alleges that the ALJ erred in finding that Jordan was not disabled due to chronic back, leg and left shoulder pain because she based her opinion on her lay-person expertise, ignoring or rejecting relevant evidence of disability. Jordan focuses her first argument on the ALJ's failure to discuss her arthritis. The medical records have several reports that note her arthritis and prescribe Vicodin, Skelaxin, and Tylenol to relieve some of her reported pain. That's in the record at pages 248, 252, 256, 258 and 261.

From September 14, 2009, to March 22nd, 2010, her treating physicians at Saint Vincent Family Medicine noted arthritis as "an active problem" and prescribed a combination of pain medication that included Vicodin. Yet the ALJ notes that Jordan was only ever prescribed Tylenol and thus concludes that her reported pain has only caused a minimal effect on her ability to perform work-related activities. That's in the record at 14. Substantial evidence in the record

contradicts the ALJ's finding. The ALJ not only fails to provide an explanation as to why she rejected the information, but she fails to even mention this critical evidence.

The Commissioner argues that the ALJ's findings are supported by Drs. Wenzler and Montoya; however, these physicians are barely even mentioned in her decision and apparently not even by name. No meaningful discussion or analysis of their findings is provided, yet the ALJ claims she gave them significant weight. That's in the record at page 18.

Even more significant is that neither of these physicians even discuss Jordan's arthritis. Even if the ALJ did rely on these state-agency physicians in making her determination, she failed to explain why she did not give controlling weight to Jordan's physicians, who consistently note, among other things, arthritis is a problem for Jordan.

The Commissioner further argues that the ALJ's RFC finding is consistent with the medical evidence and that it has accommodated for Jordan's pain and is more restrictive than the state-agency physicians' recommendations? Moreover, the Commissioner argues there is no evidence from Jordan's treating doctors on limitations in her ability to stand, lift, sit or engage in postural activities.

The record reveals that the ALJ's RFC finding is inconsistent with Jordan's medical evidence. Jordan's treating physician, Dr. Harsha, found that Jordan was only able to walk for 10 to 15 minutes and could only stand for 10 to 15 minutes. That's in the record at 248.

By July of 2010, about three months after the date of last insured, Dr. Harsha had prescribed Jordan Vicodin twice a day, and she was homebound receiving home care as well as physical therapy to help her walk. That's in the record at pages 312 through 318.

Yet the ALJ found Jordan not only capable of working but capable of performing a light range of work, including standing and walking over six hours in an eight-hour workday and

3

lifting and carrying 20 pounds occasionally with frequent lifting and carrying of 10 pounds. That's in the record at 15.

Substantial evidence in the record suggests that Jordan's capabilities are more limited than the ALJ's finding. Not only did the ALJ fail to explain why she rejected contradictory evidence, but she went so far as to state there was no statement or recommendation on the part of Jordan's treating physicians that Jordan was unable to work at a substantial gainful activity level. Record at page 18. Accordingly, substantial evidence does not support her conclusions, and I will recommend a remand on this point.

Jordan next argues that the ALJ erred in relying on the state-agency physicians' opinions because they did not consider all the relevant evidence. The ALJ relied on opinions dated March 29, 2010, and June 22nd, 2010, which predate the July 7, 2010, Saint Vincent Hospital evaluation and the August 31st, 2010, evaluation by Dr. Meredith Langhorst.

The July 7, 2010, evaluation from Saint Vincent's Hospital reports the findings from a lumbar spine MRI finding lumbar spondylosis with mild degenerative disk and facet disease. That's in the record at 560 and 561. The August 31st, 2010, evaluation from Dr. Langhorst reports Jordan's statement that she can walk for only 10 to 15 steps before having to rest.

The decision on whether to summon a medical advisor is left to the judgment of the ALJ if she believes she lacks sufficient information and it is necessary to obtain expert opinions to adequately develop the record. That's the case of *Clifford versus Apfel*, 227 F.3d 863 at 873, Seventh Circuit, 2000. Here the ALJ adequately developed the record without the need to summon a medical advisor to address these two final evaluations.

The ALJ notes in her decisions the findings from the July 7th, 2010, evaluation that Jordan had lumbar spondylosis and mild degenerative changes. She also discusses Jordan's

ability to ambulate without an assistive device, despite Jordan's purported claims of being unable to do so.

Though the ALJ failed to confront contradictory evidence relating to Jordan's arthritis, her pain symptoms and her treating physicians' findings, the ALJ did address the July 7 and August 31 evaluations so as to adequately develop the record. Thus, in my view remand would not be appropriate on that issue.

As I've indicated, I believe remand is appropriate on a separate issue, so the ALJ will have another opportunity to consider summoning a medical advisor to assist in that decision if the ALJ decides to do so, but I don't find that as a basis for remand.

Jordan next argues that the ALJ's credibility determination must be reversed because it is irrational and directly contradicts Social Security Ruling 96-7p; and, moreover, Jordan asserts that the ALJ improperly used boilerplate language and determined the RFC before first determining her credibility. The Court will uphold the credibility determination unless it's patently wrong. That's the case of *Getch versus Astrue*, 539 F.3d 473 at 483, Seventh Circuit, 2008.

While Jordan is correct that the ALJ does use boilerplate language, the decision as a whole discusses Jordan's credibility, and the ALJ provides evidence to support her findings. In her credibility analysis, for example, the ALJ considers Jordan's lower lumbar back pain which affects her ability to walk, sit and stand. She also considers Jordan's statement that movement aggravates her pain. That's in the record at 16.

The ALJ notes that Jordan was right-handed, with weakness only in her left shoulder and that Jordan did not use an assistive device for ambulation. The ALJ notes that there is no evidence to support Jordan's testimony that her doctors suggest she use a motorized cart.

5

Additionally, the ALJ considers Jordan's ability to work, which she finds evidence from the $108 Jordan earned in the second quarter of 2010. The ALJ ultimately found that Jordan's allegations of pain were only partially persuasive because the record does not match her description of pain.

The ALJ's credibility determination is supported with some evidence from the record and thus is not patently wrong. However, given the remand for the separate reason that I indicated, the ALJ will have another opportunity to address Jordan's credibility if she chooses. I would also note that as indicated previously, the ALJ had misstated the evidence with respect to Jordan's arthritis, so that may provide the ALJ additional opportunity to reconsider the credibility determinations. But, again, that is not a separate basis in my mind to order a remand.

Finally, Jordan argues that the ALJ erred in finding Jordan could perform past relevant work because she failed to properly consider Jordan's subjective complaints of pain. Moreover, she asserts that the ALJ provided no evidence to support a finding that Jordan could stand six out of eight hours when Dr. Harsha found Jordan's ability to stand and walk limited to 10 to 15 minutes. The Commissioner responds that the ALJ reasonably relied on the VE's testimony to make her finding at step four.

Jordan is correct in asserting that the ALJ ignored Dr. Harsha's findings in this regard as previously discussed. The ALJ failed to explain why she rejected his findings and did not properly evaluate the medical evidence. Thus, the ALJ's RFC finding is flawed and does not reflect Jordan's capabilities. At step four the VE erroneously relied on this RFC determination in finding that Jordan was capable of performing past relevant work. For these reasons I find that remand is appropriate to properly evaluate the medical evidence and determine Jordan's capabilities.

So in conclusion, for the reasons stated, I recommend that this case be remanded so that the

ALJ has an opportunity to evaluate the medical evidence to adequately explain the reasons for rejecting Jordan's treating physicians' medical opinion and to provide a justified RFC determination.

The 14-day period for any objections will begin on the date that the transcript of this oral ruling is filed.

Thank you.

Dated: 2/26/2014

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

James B. Geren
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
james.geren@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov